UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIPE CORTEZ,

v.                               Case No. 8:02-cr-386-T-17EAJ
                                      8:05-cv-521-T-17EAJ

UNITED STATES OF AMERICA.
_____

O R D E R

Defendant filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-1; cr-109).  The Government has filed a response and Defendant has filed a reply to the response.  Defendant has filed a motion to supplement the motion to vacate and the Government filed a response.

BACKGROUND

On September 26, 2002, a grand jury sitting in the Middle District of Florida, returned an indictment charging Cortez with possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 1903(a), (g) and (j), and 21 U.S.C. § 960(b)(1)(B) (Count One); and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of  the United States, in violation of 46 §§

1903(a) and (g), and 21 U.S.C. § 960(b)(1)(B) (Count Two). Doc. cr-1.     On November 12, 2002, Cortez pled guilty to counts One and Two of the Indictment, without a written plea agreement. Doc. cr-35.  On March 28, 2003, the Court sentenced Cortez to a 135-month term of incarceration to be followed by a five-year term of supervised release. Doc. cr- 64 (Judgment). Cortez directly appealed the final judgement to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 03-12127-AA.[1]  Cortez raised the following issues on appeal:

> a. Whether Cortez should be treated as a minimal or minor participant for his role in the offense; and
>
> b. Whether Cortez is entitled to a downward departure because his case is outside the heartland of the guidelines.

On February 20, 2004, the Eleventh Circuit Court of Appeals affirmed the disposition of this case, concluding Cortez's role was not minor and recognizing its lack of jurisdiction to address Cortez's second issue claiming his case was "outside the heartland." United States v. Cortez, 97 Fed. Appx. 905 (11th Cir. 2004). Doc. 98 (USCA Decision).

On March 17, 2005, Cortez timely filed the instant section 2255 motion and supporting memorandum of law. Docs. cv-1, cv-2.  On April 27, 2005, Cortez filed a reply to the response.  On August 31, 2005, Cortez filed a motion to supplement the motion to vacate which will be addressed in this order.

Cortez raises the following grounds for relief in his original motion to vacate:

> a. The Court erred in denying his request for a downward departure for his minor role in the offense; and

---

[1] Copies of Cortez's initial appellate brief and the Government's brief are attached to the Response as Attachments A and B, respectively.

b. The Court erred in denying his request for a further downward departure based on Cortez's claim that his case was "outside the heartland."

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Cortez's motion to vacate must be denied.

## Ground A

Prior resolution bars reconsideration of Cortez's claim that the Court erred in denying his request for a downward departure in light of his alleged minor role in the offense (Ground A). Cortez raised this claim on direct appeal and, as discussed above, the Eleventh Circuit resolved the issue against him on February 20, 2004, in Appeal No. 03-12127-AA, United States v. Cortez, 97 Fed.Appx. 905 (11th Cir. 2004). Doc. cr-98 (USCA Decision). Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. Davis v. United States, 417 U.S. 333 (1974); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981).

In its unpublished opinion, the Eleventh Circuit stated:

> It is reasonable to conclude that Cortez's role as a mechanic and his attempt to elude officials by throwing the drugs overboard. . .was not minor. This is especially so when considering that [the petitioner (Cortez) and his co-defendant, Aleydo Gonzalez] were paid what the court considered was relatively a large sum of money, and a substantial amount of drugs were involved.

Doc. cr. 98, p. 8.

Cortez has established no extraordinary circumstance that would justify reconsideration of this claim. See Schlup v. Delo, 15 S. Ct. 851 (1995); Davis v. United States, 417 U.S. 333 (1974). Therefore, Cortez's claim is procedurally barred.

Ground B

Title 28 U.S.C. § 2255 allows attack on a sentence on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of maximum authorized by law; or (4) it is otherwise subject to collateral attack.

Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See e.g., United States v. Addonizio, 442 U.S. 178, 184-86 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988). Claims of lesser error are not cognizable – they simply cannot support collateral relief. See, e.g., id.

Even Cortez's demonstration of cause and actual prejudice, which will allow Cortez to get around procedural bar, does not render an incognizable claim cognizable. See id.; see also Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989).

In the instant case, Cortez claims the Court erred in refusing to find that his case fell outside the "heartland," warranting a downward departure from the applicable sentencing guidelines range. At sentencing, Cortez requested a downward departure, contending that the small role that the crew members had played in the distribution of the cocaine was a circumstance that had taken the case outside the heartland of the sentencing guidelines for drug offenses. Docs. cr-51; cr-87, pp. 29-30. The United States argued at Cortez's sentencing that, in formulating USSG §§ 3B1.1 and 3B1.2, the Sentencing Commission had already provided for consideration of a defendant's role in an offense, and therefore, a defendant's role could not take a case "outside the heartland". As a result, the Court found

no basis for departure on the facts of the case. Doc. cr-87, pp. 29-31. Cortez also raised this same issue on direct appeal, but as mentioned above, the Eleventh Circuit held that it lacked jurisdiction to address the issue. Doc. cr-98. Cortez's claim does not meet the criteria for collateral attack allowed under 28 U.S.C. 2255.

## Motion To Supplement

Permitting Cortez to amend or supplement his section 2255 motion at this juncture would frustrate the procedural and substantive limitations of collateral review. See, e.g., 28 U.S.C. foll. § 2255, Rules 4 (explaining court's obligation to conduct preliminary review of motion), 5 (governing the filing of answers), 6 (authorizing discovery), 8 (governing hearings); see also 28 U.S.C. § 2255 (establishing one-year limitations period for claims).

For the reasons set forth below, if this Court were to grant Cortez's motion to supplement, the Court would then lack jurisdiction to entertain his supplemental section 2255. Because Cortez's conviction became final on May 20, 2004, he had until May 20, 2005, to file his section 2255 motion. United States v. Cortez, 97 Fed.Appx. 905 (11th Cir. 2004). Doc. cr-98 (USCA Decision); see Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (when prisoner does not petition for certiorari, conviction does not become "final" for purposes of section 2255(1) until expiration of 90-day period for seeking certiorari); [Sup. Ct. R. 13(3) (timely petition for rehearing by a party tolls the time for all parties to seek certiorari review)]. Cortez timely filed his original section 2255 motion on March 17, 2005. Doc. cv-1; cr 109.

However, Cortez's supplemental claim that he was denied his right to allocute at sentencing was not raised in his original section 2255 motion, and was raised more than three months after time had expired for the filing of a 2255 motion.

A supplemental claim raised after time has expired to file a section 2255 motion is timely only if it relates back to the claims Cortez raised in his original motion. See Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003); see also Fed. R. Civ. P. 15(c). To relate back to a timely section 2255 motion, a claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding. Farris, 333 F.3d at 1215-16; Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) (new claims alleging different trial errors not part of same course of conduct and so did not relate back to original motion); Fed. R. Civ. P. 15(c). The untimely claim must have arisen from the "same set of facts" as the timely filed claim, "not from separate conduct or a separate occurrence in 'both time and type.'" Farris, 333 F.3d at 1215 (quoting Davenport, 217 F.3d at 1344). The key consideration is that the amended claim must arise from the same conduct and occurrences upon which the original claim was based. See Dean v. United States, 278 F.3d 1218, 1221-22 (11th Cir. 2002) ("[W]hile Rule 15(c) contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment.").

To raise a new, unrelated issue at this time, Cortez's motion would essentially be a second or successive section 2255 motion. Prior to filing a second or successive section 2255 motion, a federal prisoner must obtain certification from the Eleventh Circuit Court of Appeals. Without that certification, a district court is without jurisdiction to review the merits of a successive section 2255 motion. See 28 U.S.C. §§ 2244, 2255; cf. United States v. Diaz-Clark, 292 F.3d 1310, 1316, n.5 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).

Accordingly, the Court orders:

1. That Cortez's motion to supplement (Doc. cv-7) is denied.

2. That Cortez's motion to vacate (Doc. cv-1; cr-109) is denied.  The Clerk is directed to enter judgment against Cortez in the civil case and to close that case.

ORDERED at Tampa, Florida, on April 27, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Pamela Marsh
Felipe Cortez